**HASBANI & LIGHT, P.C.**
Danielle P. Light, Esq.
450 Seventh Avenue, Ste 1408
New York, New York 10123
(212) 643-6677
*Counsel for Plaintiff Windward Bora LLC.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
　WINDWARD BORA, LLC

　　　　　　　　　　　　　　　　　　　　　Case No.:

　　　　　　　　　　　　　Plaintiff　　**COMPLAINT**

　　　　　　　-against -

CHRISTOPHER SMALL A/KA CHRISTOPHER SMALL; DAWN SMALL A/K/A DAWN F. SMALL AKA DAWN F. REAVES; UNITED STATES OF AMERICA; GREGORY J. DIEHL MD PC; JOHN T. MATHER MEMORIAL HOSPITAL; SIOMINS INC.; ROCKY POINT MEDICAL CARE; NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE; PEOPLE OF THE STATE OF NEW YORK; CLERK OF THE SUFFOLK COUNTY TRAFFIC & PARKING;
"JOHN DOE" and "JANE DOE," the last two names being fictitious, said parties intended being tenants or occupants, if any, having or claiming an interest in, or lien upon, the premises described in the complaint,
　　　　　　　　　　　　　　Defendants.
-----------------------------------------------------------------x

　　　Plaintiff, Windward Bora LLC ("Windward Bora" or "Plaintiff") by its attorneys Hasbani & Light, P.C., hereby alleges upon information and belief.

## NATURE OF THE ACTION

　　　1.　　This is an action brough pursuant to New York Real Property Actions and Proceedings Law, Section 1301 et seq., to foreclose on a mortgage encumbering the property

commonly known as 56 Magnolia Drive Rocky Point, New York 11778, known on the Suffolk County Tax Map as District 0200 Section 055.00 Block 01.00 Lot: 043.000 in the County of Suffolk and State of New York (the "Property"). A copy of the Schedule "A" describing the Property in further detail is annexed hereto as **Exhibit A**.

## PARTIES

2. Windward Bora, LLC. ("Windward Bora" of "Plaintiff") is a limited liability company organized under the laws of the State of Delaware. Windward Bora is a single member limited liability company, whose sole member, Yonel Devico, is a citizen of the Kingdom of Morocco. Mr. Devico is lawfully admitted for permanent residence in the United States and is domiciled in the State of Florida. For the purpose of diversity, Windward Bora, is a citizen of Florida.

3. Christopher Small ("Christopher") is an individual who is a citizen of the State of New York.  Christopher upon information and belief has an address of 245 Jamaica Avenue Medford, New York 11763. Christopher is a necessary party defendant to this action because it is the owner of the record of the Property and the obligor under the terms of the Note.

4. Dawn Small ("Dawn") is an individual who is a citizen of the State of New York. Dawn upon information and belief has an address of 245 Jamaica Avenue Medford, New York 11763. Dawn is a necessary party defendant to this action because it is the owner of the record of the Property and the obligor under the terms of the Note.

5. Upon information and belief, United States of America("USA") is the holder of a federal tax lien on the property. USA upon information and belief has an address of 271 Cadman Plaza East Brooklyn, NY 11201.

6. Upon information and belief, Gregory J. Diehl MD PC ("GJD") is a professional corporation organized under the laws of the State of New York. Upon information and belief, GJD's principal place of business is 11 Medical Drive Port Jefferson, New York 11776. GJD is a necessary party defendant to this action because it is a judgment creditor on the Property.

7. Upon information and belief, John T. Mather Memorial Hospital ("JTM") is an entity organized under the laws of the State of New York. Upon information and belief, JTM's principal place of business is 75 North County Road Port Jefferson, New York 11777. JTM is a necessary party defendant to this action because it is a judgment creditor on the Property.

8. Upon information and belief, Siomins Inc. ("Siomins") is a corporation organized under the laws of the State of New York. Upon information and belief, Siomins' principal place of business is 125 Lauman Lane Hicksville, New York 11801. Siomins is a necessary party defendant to this action because it is a judgment creditor on the Property.

9. Upon information and belief, New York State Department of Taxation and Finance ("NYSDTM") is a government entity organized under the laws of the State of New York. Upon information and belief, NYSDTM's principal place of business is P.O Box 5149 Albany, New York 12205. NYSDTM is a necessary party defendant to this action because it is a judgment creditor on the Property.

10. Upon information and belief, People of the State of New York ("NYS") is a judgment creditor on the property. NYS upon information and belief has an address of Cohalan Court Complex 400 Carleton Avenue Central Islip, New York 11722.

11. Upon information and belief, Clerk of the Suffolk County Traffic and Parking Violations Agency ("SCTPVA") is a government entity organized under the laws of the State of New York. Upon information and belief, SCTPVA's principal place of business is 100 Veterans

Memorial Highway Hauppauge, New York 11788. SCTVA is a necessary party defendant to this action because it is a judgment creditor on the Property.

12. Defendants "JOHN DOE" and "JANE DOE" are additional parties being the tenants, occupants, persons, or corporation, if any, having or claiming an interest in or lien upon the Property. *See* NYRPAPL §§ 1311, 1312 and 1313.

13. Each of the above-named defendant(s) has or claimed to have or may claim to have some interest in or lien upon said mortgaged premises or some part thereof, which interest or lien, if any, has accrued subsequent to, and is subject and subordinate to, the lien of said Mortgage.

## JURISDICTION AND VENUE

14. This Action is between citizens of different states. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00. Therefore, jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332.

15. Venue is deemed proper in this district pursuant to 28 U.S.C. § 1391. A substantial part of the events giving rise to this action took place within the jurisdiction of this court and the Property is located in this district.

## AS AND FOR A FIRST CAUSE OF ACTION

16. On or about October 26, 2005, as evidence of a loan in the amount of $ 72,000.00 (the "Loan"), Christopher Small ("Christopher") and Dawn Small ("Dawn") (collectively "Borrowers") executed and delivered to Aegis Funding Corporation ("Lender") a Note dated May 27, 2005 (the "Note"). A copy of the Note is annexed hereto as **Exhibit B**. Pursuant to the terms of the Note, Borrowers promised to pay Lender or the subsequent holder of the Note the principal sum of $72,000.00. *See* **Exhibit B**.

4

17.     In order to collaterally secure the aforesaid Loan, Borrowers, on the same day, duly executed, acknowledged and delivered a mortgage to Lender (the "Mortgage"). A copy of the recorded Mortgage is annexed hereto as **Exhibit C**. The Mortgage encumbers the Property. *See* **Exhibit C**.

18.     Pursuant to the Mortgage, in any lawsuit for foreclosure, Lender or its successors or assigns possesses the right to collect all costs and disbursements and additional allowances allowed by the applicable law and will have the right to add all reasonable attorneys' fees to the amount Borrowers owe Lender which fees shall become part of the sums secured. *See id*.

19.     Windward Bora is the current owner of the Note by virtue of its physical possession of the wet ink Note. Therefore, Windward Bora is the holder and owner of both the Note and Mortgage on the date of the filing of this complaint. *See* **Exhibits B** and **C**.

20.     Borrowers defaulted under the terms of the Note and Mortgage for the payment due on May 1, 2015 (the "Default"). *See* **Exhibits B** and **C**.

21.     On January 21, 2021, Windward Bora complied with the contractual provisions in the Note and Mortgage by mailing a 30 Day Notice (the "Default Notice") to Borrowers advising of possible acceleration of the loan and continuing default under the Note and Mortgage together if not cured. Attached hereto as **Exhibit D** is a copy of the Default Notice.

22.     On January 21, 2021, Windward Bora complied with the requirements of RPAPL § 1304 by mailing a 90 Day Notice (the "90 Day Notice") to Borrowers advising of possible legal action if the default under the Note and Mortgage together was not cured. Attached hereto as **Exhibit E** is a copy of the 90 Day Notice.

23.     Plaintiff has complied with section 1306 of the Real Property Actions and Proceedings Law, and the Mortgage was originated in compliance with all provisions of

section 595-a of the Banking Law and any rules or regulations promulgated there under, and, if applicable, sections 6-1 or 6-m of the Banking law.

24. Under the terms and conditions of the Note and Mortgage, the total principal balance plus all other fees and charges that may apply pursuant to the Mortgage is $181,248.86. A copy of the current payoff of the Loan is annexed hereto as **Exhibit F**.

25. During the pendency of this action, Plaintiff, in order to protect the lien of the Mortgage, may be compelled to pay sums due on prior mortgages, insurance premiums, tax assessments, water rates, sewer rates, and other expenses or charges affecting the Property described and Plaintiff prays that any such amounts so paid and so extended during the pendency of this action may be added to its claim and repaid from the proceeds of the sale of the Property together with interest thereon, from the date of making such expenditures, so that the same may be added to, and secured by, the Note and Mortgage.

26. The Note and Mortgage contain provisions entitling Plaintiff to recover attorneys' fees incurred in the prosecution of this action.

27. No other action or proceeding has been commenced or maintained or is now pending at law or otherwise for the foreclosure of said Mortgage, or to recover the amount due under the Note.

28. Each of the above-named defendant(s) has or claims to have some interest in or lien upon the Property or some part thereof, which interest or lien, if any, has accrued subsequent to, and is subject and subordinate to, the lien of the Mortgages.

**WHEREFORE**, the Plaintiff demands judgment that the defendants herein as follows:

a) On the First Cause of Action that all persons claiming under them or any or either of

them subsequent to the commencement of this action may be forever barred and foreclosed of all right, claim, lien and equity of redemption in the said Property; that the said premises may be decreed to be sold according to law in "as is" physical order and condition, subject to any covenants, easements, restrictions and reservations of record; any violations of record; any state of facts an accurate survey may show; any zoning regulations or amendments thereto; rights of tenants or persons in possession of the subject premises; any prior mortgage liens of record; any prior lien of record; and any advances or arrears hereunder; that this Court forthwith appoint a receiver of the rents and profits of said premises, during the pendency of this action with the usual powers and duties; that monies arising from the sale may be brought into court; that plaintiff may be paid the amount due on said note and mortgage with interest to the time of such payment, attorney's fees, as set forth in the mortgage, the costs of this action and the expenses of said sale so far as the amount of such monies properly applicable thereto will pay the same; and the application of the proceeds pursuant to the provisions contained in such judgment, the amount thereof to be determined by the Court as provided in § 1371 of the RPAPL;

b) On all causes of action together with Plaintiff's costs and attorneys' fees, and such other and further relief as this Court shall deem just and proper.

Dated: May 7, 2021
New York, New York

By:  */s/ Danielle P. Light*
Danielle P. Light, Esq.
*Attorneys for Plaintiff Windward Bora LLC*
450 Seventh Avenue, Ste 1408
New York, New York 10123
dlight@hasbanilight.com
Tel: 212.643.6677

7